UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOBY HOPKINS,
TANIKA SMITH,
TAMYREL SMITH,                                         Case No.

    Plaintiffs,                                        Hon.

v.

CITY OF WARREN, a municipal corporation,
COLIN MCCABE,
NICHOLAS HOFER,
JAMES REBIDAS,
D. REXFORD,
JOHN DOES,
in their individual and official capacities,
jointly and severally,

    Defendants.                                       **JURY TRIAL DEMANDED**
_____
Law Office of Matthew S. Kolodziejski, PLLC
Matthew S. Kolodziejski
Attorney for Plaintiffs
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060
mattkolo@comcast.net
_____

## **COMPLAINT AND JURY DEMAND**

NOW COME the Plaintiffs, Toby Hopkins, Tanika Smith, and Tamyrel Smith, by and through their attorney, Matthew S. Kolodziejski, and for their Complaint state as follows:

1

## JURISDICTION AND VENUE

1) This is an action for monetary damages brought by the Plaintiffs, Toby Hopkins, Tanika Smith, and Tamyrel Smith, against the Defendants City Warren, Colin McCabe, Nicholas Hofer, James Rebidas, D. Rexford, and John Does pursuant to 42 U.S.C. § 1983 and Michigan state law.

2) This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

3) Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), as all parties reside in, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in, the Eastern District of Michigan.

4) The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## PARTIES

5) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

6) At all times relevant to this Complaint, Plaintiffs were and are residents of the State of Michigan.

7) At all times relevant to this Complaint, Defendant City of Warren was and is an organized municipal corporation existing under the laws of the State of Michigan.

8) At all times relevant to this Complaint, Defendants McCabe, Hofer, Rebidas, Rexford, and John Does (collectively "the Defendant Officers") were employed as police officers by the City of Warren.

9) At all times relevant to this Complaint, the Defendant Officers were acting within the scope and course of their employment and under color of law.

## GENERAL ALLEGATIONS

10) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

11) The incident complained of in this lawsuit occurred on or about December 4, 2018 in the City of Warren.

12) On that date at 10:00 p.m. the Plaintiffs were inside their home located at 11245 Maxwell Avenue in the City of Warren.

13) The home was rented by Plaintiffs Toby Hopkins and Tanika Smith. They resided there with their three children, including Plaintiff Tamyrel Smith, who is the daughter of Plaintiff Tanika Smith.

14) All Plaintiffs had a reasonable expectation of privacy inside their home.

15) The Defendant Officers were dispatched to the area of Plaintiffs' home to investigate a car theft that allegedly occurred in the City of Eastpointe.

16) Multiple police officers, including the Defendant Officers, arrived at the scene and located two teenage suspects hiding in a vehicle owned by Plaintiff Tanika Smith that was parked in Plaintiffs' driveway.

17) Plaintiffs were unaware that the suspects were hiding in the vehicle.

18) Plaintiffs went to the front doorway of their home when they realized there were police officers outside.

19) Plaintiffs asked the Defendant Officers what they were doing at their house and why they were going into Plaintiff Tanika Smith's vehicle.

20) The Defendant Officers apparently suspected that the minor son of Plaintiffs Toby Hopkins and Tanika Smith was involved in the car theft with the two other suspects, and suspected that he was hiding inside Plaintiffs' home.

21) The Defendant Officers wanted to enter and search Plaintiffs' home for the other suspect, but did not have a warrant, consent, or any other lawful basis to enter.

22) The Defendant Officers nonetheless opened the front door and entered Plaintiffs' home.

23) Once inside, the Defendant Officers forcibly pushed Plaintiffs Tanika Smith and Tamyrel Smith down to the ground.

24) The Defendant Officers also forcibly pushed Plaintiff Toby Hopkins to the ground, and then proceeded to strike him repeatedly as he was lying defenseless on the ground.

25) The ten year old daughter of Plaintiffs Toby Hopkins and Tanika Smith was in the home at the time of the incident, and was forced to watch in horror as

the Defendant Officers physically assaulted her parents and sister.

26) Plaintiff Toby Hopkins was arrested and taken out of the home.

27) Plaintiff Toby Hopkins has a prior medical history of traumatic brain injury and seizures. The Defendant Officers' use of force re-aggravated the prior condition causing Plaintiff Toby Hopkins to suffer a seizure in the back of the police car.

28) Plaintiff Toby Hopkins was immediately transported to St. John Macomb Hospital for medical treatment.

29) The Defendant Officers proceeded to search Plaintiffs' home for the car theft suspect.

30) The Defendant Officers knew that their warrantless entry into Plaintiffs' home was unlawful.

31) In a transparent attempt to justify their warrantless entry the Defendant Officers conspired to concoct a false claim that Plaintiff Toby Hopkins physically assaulted Plaintiff Tanika Smith immediately prior to the Defendant Officers entering the home.

32) In furtherance of their conspiracy several of the Defendant Officers drafted police reports that contained their false claims that Plaintiff Toby Hopkins assaulted Plaintiff Tanika Smith, and that he physically resisted the Defendant Officers inside the home.

33) Plaintiff Toby Hopkins did not physically assault Plaintiff Tanika Smith or physically resist any police officer.

34) Due to the Defendant Officers' false allegations Plaintiff Toby Hopkins was charged with domestic violence against Plaintiff Tanika Smith. The charge was subsequently dismissed in the 37th District Court.

35) The physical force used by the Defendant Officers against the Plaintiffs was excessive and gratuitous in nature.

36) All of the Defendant Officers directly participated in, and/or failed to intervene and prevent, the constitutional violations committed against Plaintiffs.

37) As a result of the Defendant Officers' unlawful actions Plaintiffs suffered injuries and damages including, but not limited to, physical pain and suffering, emotional distress, loss of liberty and cherished constitutional rights, and economic damages.

## COUNT I
## 42 U.S.C. § 1983 – UNLAWFUL ENTRY AND SEARCH

38) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

39) The Defendant Officers acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42

U.S.C. § 1983, including Plaintiffs' right to be free from a warrantless and unlawful entry and search of their home, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## 42 U.S.C. § 1983 – EXCESSIVE FORCE

40) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

41) The Defendant Officers acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiffs' right to be free from excessive physical force, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory and punitive damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT III
## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

42) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

43) Defendant City of Warren has established practices, policies, and/or customs which directly and proximately caused the damages suffered by Plaintiffs.

44) Defendant City of Warren knew, or should have known, of the Defendant Officers' propensities to violate the rights of individuals in the manner alleged in Plaintiffs' Complaint when it hired them and thereafter.

45) Defendant City of Warren has established a practice, policy, and/or custom of inadequately screening and hiring its police officers.

46) Defendant City of Warren has established a practice, policy, and/or custom of improperly training and allowing its police officers to enforce laws in any way they deem fit, without regard to the constitutional rights of individuals, including Plaintiffs, to be free from unlawful entry and excessive force.

47) Defendant City of Warren has established a practice, policy, and/or custom of failing to adequately supervise or discipline its police officers when it was known or apparent that they have previously violated the constitutional rights of individuals in the manner complained of in this lawsuit.

48) By failing to properly hire, train, supervise, and discipline its police officers, Defendant City of Warren failed to adequately discourage its police officers from violating the constitutional rights of individuals including Plaintiffs.

49) As a result of the above described practices, policies, and/or customs the Defendant Officers, believed that their actions would not be properly monitored, and that misconduct would not be adequately investigated or sanctioned, but rather that it would be tolerated.

50) The above-described practices, policies, and/or customs of the Defendant City of Warren demonstrate deliberate indifference towards the constitutional rights of individuals including Plaintiffs.

51) The practices, policies, customs, and/or deliberate indifference of the Defendant City of Warren were the moving force behind the constitutional violations that were committed against Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendant City of Warren, for compensatory damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT IV
## ASSAULT AND BATTERY

52) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

53) The Defendant Officers intentionally threatened or caused Plaintiffs to be threatened with, and to suffer, unnecessary or excessive physical contact.

54) The physical contact inflicted by the Defendant Officers against Plaintiffs was malicious and undertaken in bad faith.

55) As a direct and proximate cause of the assault and battery that the Defendant Officers inflicted upon Plaintiffs, they sustained injuries and damages.

56) The Defendant Officers' actions were so egregious and outrageous that Plaintiffs' damages were heightened and made more severe, thus they are entitled to exemplary damages.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory and exemplary damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57) Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

58) The Defendant Officers acted intentionally and recklessly towards Plaintiffs.

59) The Defendant Officers' actions were so outrageous and extreme as to go beyond all possible bounds of decency, and are regarded as atrocious and intolerable in a civilized society.

60) As a direct and proximate result of the Defendant Officers' unlawful actions Plaintiffs suffered severe emotional distress.

WHEREFORE, Plaintiffs demands judgment against the Defendant Officers for compensatory and exemplary damages in whatever amount the jury determines plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

                                              Respectfully submitted,

                                              /s/Matthew S. Kolodziejski
                                              Law Office of Matthew S. Kolodziejski, PLLC
                                              Matthew S. Kolodziejski
                                              Attorney for Plaintiffs
                                              200 E. Big Beaver Road
                                              Troy, MI 48083
                                              (313) 736-5060
Dated: December 18, 2019          mattkolo@comcast.net